Hemphill, Ch. J.
The act regulating proceedings in tlie District Courts-(art. 770, Dig.) declares that any person, for a bona fide debt, may without process appear in person or by attorney and confess judgment for such debt, but in such case a petition shall always be filed and the justness of the debt sworn to by the person in whose favor the judgment is confessed; and by art. 669 it is provided that all civil suits in tlie District Court shall be commenced1 by petition filed in the office of the clerk of the District Court.
Note 33. — Flanagan v. Bruner, 10 T., 257. If the defendant has been served with process or -acknowledges service the affidavit of the plaintiff is not required. (Flanagan v. Bruner, 10 T., 257; Gerald v. Burfchee, 29 T., 202.)
Prom these provisions it appears that a petition stating- the cause of action is a prerequisite essential to all other proceedings in a civil suit, and that it must precede all further action in a cause as well where judgment is sought by confession as otherwise. The judgment in this case is therefore fatally defective, as it was confessed aud rendered one day antecedent to the filing of the petition.
The second assignment is that the justness of the debt was not sworn to by the person in whose favor the judgment was confessed. This is positively required by the statute. No provision is made for affidavits by others, or proof ■ aliunde. Cases might be imagined in which the testimony of others would be more satisfactory than the oatli of an interested party; but the statute has .attached this as an incident to a judgment b3r confession, and the court has no authority to substitute the oath of any other for that of the person designated, and to consider such as a substantial compliance with the law. The proceeding- in this case was under a special provision of the statute which relieved the plaintiff from the necessity aud delay of issuing- process, and lie must comply witli all tin- formalities required by the law. Wo are of opinion that the see-■oud ground assigned for error is well sustained.
The mode of confessing judgment in this case is not free from objection. It ■would lie more in accordance with correct practice that the amount should be specified in the confession, even where this is indorsed on the petition. If confessions were allowable at all without the previous filing of a petition, then tlie confession in this case would he, wholly defective. No amount is specified, no statement of the amount is filed, and no data are given to serve as a basis ¡for tlie judgment.
Tile judgment is reversed and the cause remanded.
Judgment reversed.