## F. P. JONES v. J. W. WALKER.

1. DISTRESS WARRANT—AFFIDAVIT.—An affidavit that defendant "is indebted to plaintiff in the sum of one hundred and twenty-six dollars, or thereabouts, for rent and supplies furnished and advances made" to the defendant, is not sufficient to authorize the issuance of a distress warrant.

2. SAME—PRACTICE.—A petition must be filed by the plaintiff where a distress warrant is applied for, which petition or the affidavit must contain a definite statement of the items of the indebtedness, and that the same are of such nature that the distress warrant was authorized as a remedy. In the absence of such petition when the case is reached the proceedings should be dismissed.

3. APPEARANCE DAY.—There is no day of the term properly known as the appearance day, by which time the petition in proceedings by distress warrant should be filed, and it would seem that it should be filed at the first day of the term to which the distress warrant is returnable.

APPEAL from Hopkins. Tried below before the Hon. W. H. Andrews.

*Payne & Putman,* for appellant.

*Maxey, Lightfoot & Hunter,* for appellee.

MOORE, ASSOCIATE JUSTICE.—On the 6th day of November, 1874, F. P. Jones, the appellant, made oath before R. M. Cade, a justice of the peace of Hopkins county, that the appellee, J. W. Walker, was justly indebted to him "in the sum of one hundred and twenty-six dollars and fifty cents, or thereabouts, for rent and supplies furnished and advances made to said Walker, to enable him, said Walker, to make

a crop on certain rented premises," &c.  And on the same day said justice issued to the proper officer a warrant commanding him to seize so much of the property of said Walker as should be sufficient to pay the debt alleged in the affidavit to be due and all costs.  The warrant was made returnable to the next ensuing term of the District Court of Hopkins county, beginning on the first Monday in February, 1875, and was executed by the constable on the day on which it issued, by the seizure of "one-half interest in four bales of cotton" and a "certain crib of corn found on the premises now occupied by said J. W. Walker, valued at seventy-five cents per bushel."

A citation was also issued at the same time, and served on the defendant on the 27th day of November, 1874, notifying him to appear at the next term of the District Court of Hopkins county, to be held on the first Monday in February thereafter, to answer the complaint of said J. P. Jones "in a plea of debt for the sum of one hundred and twenty-six dollars and fifty cents, or thereabouts, for rent and supplies furnished and advances made to said Walker, to enable said Walker to make a crop," &c.

On the 3d day of February, 1875, Walker appeared in the District Court and filed a general demurrer and general denial, and also moved to dismiss the action, first, because the affidavit upon which the warrant issued does not state the amount due the plaintiff, and does not allege what amount is due for rent, and for what year the same is due, and what articles or goods were advanced defendant, and that no itemized account of them is filed as required by law, so that defendant does not know for what he is sued; second, no sufficient bond was given before said warrant was issued.  No action seems to have been had on the motion, or to have been taken in the case until the succeeding term, when, after argument by the parties, the motion was sustained by the court, the warrant quashed, and the suit dismissed.

It does not appear upon which of the objections presented in the "demurrer and motion to dismiss," as it is called, the court based its action. The exception to the bond, in our opinion, was not well taken, for although it is quite informal, it is nearly in the language of the statute, and contains all of its essential requirements. The grounds of exception set up in the first clause of the motion suggests matter of more serious consideration.

The statute requires that the plaintiff, his agent or attorney, shall make oath that the amount sued for is for rent or for advances, such as are mentioned in the first section of the act, or produce a writing from the tenant to that effect. The amount for which an action is brought certainly should be definitely stated, and the requirement that the amount sued for should be sworn to be for rent or advances, would seem to import that some definite amount should be stated to be so due. Unquestionably the defendant cannot be properly called upon to answer to an action without being informed of the date and items of the account, or nature and character of the demand upon which he is sued. It may be that it would have been sufficient in this case if the plaintiff had, as required by the statute, filed a petition in the District Court, giving a full and clear statement of his cause of action. This he failed to do. And although the failure to file a petition is not clearly and definitely set forth as a ground of objection to the plaintiff's action, either in the demurrer or motion to dismiss, yet the statement in the former, that "the facts set forth in the proceedings of plaintiff are not sufficient for him to have and maintain his suit," and in the latter, that "no itemized account is filed as required by law, so that defendant does not know for what he is sued," warranted the action of the court in dismissing the suit.

But conceding that this objection is not suggested by the demurrer or motion, evidently no action can be maintained without a petition, and as one was not filed, it was the duty

of the court to strike the case from the docket of its own motion. There is, it is true, some uncertainty and difficulty in determining at what time the plaintiff in such a case is required to file his petition. The act under which this was instituted says the plaintiff shall be obliged to file his petition before the appearance day of the term to which the papers are returnable. As there is no day in the term of the court properly known by that designation, it is somewhat difficult to say what day is here referred to. The plaintiff makes his appearance whenever he files his petition, and therefore it would seem that for him the appearance day is the first day of the term, or at furthest, the day when the case is reached on the call of the docket in its regular order. A day is fixed by statute on which a judgment by default may be taken against the defendant, if before that time he has not appeared and filed his answer, and therefore it may be properly regarded as the appearance day for defendants. And it has been probably referred to in some of our statutes, and in some instances by the court, as the "appearance day." If this is the day on or before which it is said the plaintiff may file his petition, no time seems to be allowed to the defendant to file his answer. At least the time in which he shall do so is not designated.

But whatever day is here referred to as " the appearance day," on or before which the plaintiff shall file his petition, it is unquestionably some day in the term to which the defendant is cited to appear. And as no petition was filed at that term or at the second term when the case came to trial, the court could not have acted otherwise than to quash the writ and dismiss the suit. It is the petition and not the warrant that the defendant is cited to answer. The plaintiff evidently cannot prosecute his suit on merely an affidavit and warrant. Without a petition there is no foundation for the action, and nothing upon which the court can render a judgment against the defendant.

The judgment is affirmed.

AFFIRMED.