Opinion by
Delaney, J.
§ 796. Argument of counsel; reading law to the jury; case stated. Appellee purchased a ticket from appellant’s agent to travel from Honey Grove to Paris, Texas. *701 After he had started on the journey the conductor of the train demanded his ticket, and he surrendered it, but was given no check in return. After the train had passed an intermediate station the conductor demanded that he pay his fare to Paris, claiming that the ticket taken up only entitled appellee to be carried to said intermediate station. Appellee refused to pay, and was ejected from the train. He sued for $1,000 damages, and recovered judgment for $450. Appellee, in arguing his case to the jury, read law to the jury, that is, he read from page 577 of Thompson on Carriers of Passengers. Appellee’s attorney, in the concluding argument, also referred to this law, and further stated that railroad conductors would often take up passengers’ tickets and afterwards demand of them to pay fare, etc. This manner of argument was excepted to at the time, and is assigned as error. Held: In considering this assignment of error we may remark that it must be left largely to the discretion of the trial court how it will hear authorities read upon the trial. Concerning the objectionable, remarks of counsel, we concur fully in what was said in the case of Tex. & Pac. R’y Co. v. Pollard, ante, p. 432. We do not think appellant was injured, and, therefore, do not think that the judgment should be reversed because of this impropriety.
April 29, 1885.
§ 7 97. Erroneous charge as to amount of damages that jury might find; is not reversible error unless, etc. The court charged the jury that they might find for the plaintiff such damage as he had sustained, “not to exceed $1,000,” the amount claimed in the petition. Held: This method of charging was condemned in the case of Willis v. McNeill, 57 Tex. 465. But we do not think that it must necessarily lead to a reversal of the judgment when the damages awarded are within proper limits, which, in our opinion, is the case here. [Newman v. Dodson, 61 Tex. 98.]
Affirmed.