JOHN HAMILTON & CO. v. WESTERN UNION TELEGRAPH
COMPANY.

Decided April 27, 1904.

**Lost Papers—Substitution.**

Substitution of a lost petition in a suit should be by a substantial copy of the original, and an amended petition, attempted to be substituted, should be stricken out on motion.

Appeal from the County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale.

*Geo. H. Plowman,* for appellant.

*N. L. Lindsley,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This is an action brought by appellee against the appellant to recover the sum of $213.10 for tolls on telegraphic messages between the 1st of December, 1898, and the 1st of April, 1899. On June 12, 1900, appellant filed its amended answer, consisting of exceptions and plea in reconvention for damages growing out of the alleged negligence of appellee in reference to messages to the Caldwell Oil Mill Company, tolls for which messages being included in the amount sued for of $213.10.

It appears from the record that on account of the illness and subsequent death of the attorney for the appellee, who brought the suit, the case was continued for several terms of court; and that on June 15, 1903, when the case was called for trial, it was discovered that the pleadings were lost and could not be found; and the attorneys for both parties asked permission of the court to substitute the original pleadings, which the court granted; and afterwards, on the same day, appellee filed a petition claimed to be a substantial copy of its original petition. This petition filed by appellees omitted the tolls for the messages sent to the Caldwell Oil Mill Company, upon the alleged negligence in reference to which the appellant based its plea in reconvention.

The appellant, after appellee filed said petition, but on the same day, made a motion to strike out appellee's said petition, because same had been filed without giving to appellant the notice required by law, and because same was not sworn to, and because the same was not a substantial copy of the original.

This motion was overruled by the court, to which appellant excepted. The trial was then proceeded with before a jury, and after the evidence of both parties was introduced, the court peremptorily charged the jury to find in favor of the appellee and against the appellant, which they did.

The record does not show any order of the court affirmatively substituting the petition filed by appellee. Upon the trial the attorneys

for both appellant and appellee testified,· and from their testimony it appears that the petition filed by appellee as a substitute for its original petition is not a substantial copy of the original, in that the original included and declared upon the charges for messages sent to the Caldwell Oil Mill Company, which charges are omitted in the petition filed as a substitute. It was upon the alleged negligence of appellee in reference to these messages that appellant based its plea in reconvention.

We think that it appears from the record that appellee attempted to substitute its original petition by an amendment, which under the law can not be permitted. The pleading of the appellee upon which the case was tried was not a substituted pleading, but an amendment, which was not authorized under the law, as the court, after giving permission to substitute the pleadings, should have required the parties to file substantial copies of the pleadings intended to be substituted; and if such copies were not conceded to be substantial copies of the original, then the court should have heard testimony upon the question; and after hearing such testimony, rendered its order or judgment substituting such original pleadings in accordance with the testimony, and the trial should have proceeded upon such substituted pleadings.

We are of opinion that the court erred in overruling appellant's motion to strike out the pleading filed by appellee as a substitute for its original petition, and in proceeding to try the case upon said pleading. Rev. Stats., arts. 1498, 1499; Newman v. Dodson, 61 Texas, 91; Bowles v. Glasgow, 2 Posey U. C., 714.

For this error the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*