### WATSON CO., BUILDERS, v. BLEEKER et ux. (No. 7566.)

(Court of Civil Appeals of Texas. San Antonio. May 5, 1926. Rehearing Denied May 26, 1926.)

**1. Appeal and error ⬚599—Pleading ⬚340.**

Where original petition is lost, copy thereof which is not filed is without verity, and cannot be considered part of record on appeal, though copied into transcript.

**2. Judgment ⬚18(1)—Where record affirmatively showed original pleading to have been lost and no copy substituted, judgment for plaintiff held without pleadings to support it.**

Where record affirmatively showed that case was tried without filed pleading against defendant, original having been lost and copy not substituted, judgment for plaintiff *held* without pleadings to support it.

**3. Pleading ⬚340.**

Where pleading is lost, substitute may be provided and filed under Rev. St. 1911, art. 2163, either by agreement under article 2159, or by motion under articles 2157, 2158, 2160.

**4. Corporations ⬚508.**

In suit against individual who was president of corporation, answer alleging that contract sued on was made by corporation cannot be construed as pleading or appearance by corporation.

**5. Attorney and client ⬚88—That attorneys, who appeared for corporation to set aside default for want of service, were also attorneys for president of corporation, who was sued individually, did not constitute their appearance for him the appearance of corporation.**

In suit against individual, who was president of corporation wherein judgment was rendered against corporation, appearance of his attorneys as counsel for corporation in attempting to remove default against it for lack of service *held* not to constitute their prior appearance for him the appearance of the corporation.

**6. Constitutional law ⬚321.**

No matter how meritorious plaintiff's cause of action may be, defendant is entitled to his day in court thereon.

Appeal from Dallas County Court, at Law; Paine L. Bush, Judge.

Action by J. Bleeker and wife against George Watson, individually doing business under the trade-name of the Watson Company, Builders. From a judgment against the Watson Company, a corporation, the latter appeals. Reversed and remanded.

Holloway & Holloway and J. H. Neel, all of Dallas, for appellant.

John White, of Dallas, for appellees.

SMITH, J. J. Bleeker and wife brought this suit originally against George Watson, individually, alleged to be "doing business under the trade-name of Watson Company, Builders," and judgment against Watson was rendered, but was reversed on appeal because of defective service. It was disclosed in the proceeding that Bleeker's cause of action was in fact against Watson Company, a corporation, and not against Watson, the individual, who was the president of the corporation. By an amended petition, which was lost and not substituted as provided by statute, Bleeker impleaded the corporation, but no service was had or attempted upon the latter. The court nevertheless rendered judgment by default against the corporation, which has appealed. The record is very unsatisfactory, and but vaguely shows the course of the procedure.

[1-3] What purports on its face to be a "carbon copy of plaintiff's first amended petition" is copied in the transcript, with the notation by the clerk that it was "not filed." The instrument, then, is without verity, and cannot be considered as a part of the record; and, as the record shows affirmatively that the case was tried without any filed pleading against the corporation, the original thereof having been lost and not substituted, the judgment is without pleadings to support it. The pleading having been lost, it was the duty of the pleader to provide a substitute therefor and procure its filing among the papers in the case as a part of the record. This could have been done either by agreement of the parties (article 2159, R. S. 1911), or by motion under the statute. Articles 2157, 2158, 2160. But the substituted pleading cannot be given "the force or effect of the original," unless it "be filed with the clerk." Article 2163.

[4-6] The record shows that the corporation filed no pleadings and made no formal appearance in the case. The answer of Watson, the individual, in which he set up that he had had no dealings with appellee, but that the contract sued on was made by the corporation, cannot be construed as a pleading or appearance by the corporation. Nor does the

fact that the corporation is now represented by the attorneys who appeared for Watson, the individual, have the effect of an appearance for the corporation. The fact that the same counsel appeared, successively, for the two parties, has no legal significance. These attorneys did not appear for the corporation until this judgment had been rendered against it, when they appeared and filed a motion for new trial in its behalf. Appellees contend, and the trial court appears to have proceeded upon the theory, that the pleadings of Watson, the individual, and the appearance and acts of his attorneys, who subsequently appeared for the corporation, constituted an appearance in behalf of the latter. And upon this theory the trial court held that the corporation had appeared, when in fact it had made no appearance by pleading, by counsel, or otherwise. The result was that a judgment was rendered against the corporation without issuance or service of process against it, and in the absence of any appearance by it. No matter how meritorious a cause of action appellee may have against appellant, the latter is entitled to its day in court thereon.

The judgment is reversed, and the cause remanded.