### KENTUCKY OIL CORPORATION v. McCANDLESS. (No. 2893.)

Court of Civil Appeals of Texas. Amarillo. Dec. 7, 1927.

1. Judgment ⬥18(1)—Neither county nor district courts may render judgment in civil case, unless petition which would support judgment is theretofore filed (Rev. St. 1925, art. 1971).

Neither the county nor the district courts are authorized to render a judgment in civil cases, unless a petition which would support the judgment has been theretofore filed with the clerk, as provided by Rev. St. 1925, art. 1971.

2. Appeal and error ⬥643(4)—Petition for certiorari to perfect record comes too late after hearing on appeal.

Where, after reformation and affirmance of a judgment on appeal, appellant sought a writ of certiorari to perfect the record alleged to be defective, held, that such petition came too late after hearing on the appeal.

Appeal from Wichita County Court; O. M. McFarland, Judge.

Action by H. F. McCandless against the Kentucky Oil Corporation. Default judgment for plaintiff, and, from the order overruling its motion to vacate and set aside the judgment and its motion for a new trial, defendant appeals. Reversed and remanded.

Kenley, Dawson & Holliday, of Wichita Falls, for appellant.

Alton V. Grant, of Wichita Falls, for appellee.

JACKSON, J. This is an appeal by the Kentucky Oil Corporation, the appellant, from an order of the county court, overruling a motion to vacate and set aside a default judgment rendered against it January 12, 1927, in favor of the appellee, H. F. McCandless, and the refusal of the court to grant the appellant a new trial.

The case was submitted to this court on October 19, 1927, and on October 26, 1927, the judgment of the trial court was reformed and affirmed.

The appellant, in its motion for a new trial, presents as fundamental error the action of this court in reforming and affirming the judgment, because the record, as revealed by the transcript, fails to show the filing of any petition by the appellee in the court below, upon which to base said judgment. The transcript shows what purports to be a carbon copy of plaintiff's original petition, which is marked by the clerk "not filed."

Article 1971, R. C. S., 1925, provides:

"Civil suits in the district and county courts shall be commenced by petition filed in the office of the clerk."

[1] It is apparently settled in this state that neither the county nor the district courts are authorized to render a judgment in civil cases, unless a petition which would support the judgment had been theretofore filed with the clerk. Montgomery v. Barnett, 8 Tex. 143; Watson v. Miller Bros., 69 Tex. 175, 5 S. W. 680; Watson Co. Builders v. Bleeker et ux. (Tex. Civ. App.) 285 S. W. 637.

The appellee, on November 28, 1927, by motion filed in this court, asked that a writ of certiorari issue from this court to the clerk of the county court of Wichita county, Tex., commanding him to forward without delay a perfect transcript of the record in this cause, alleging that the transcript filed is imperfect, as the file mark and date is omitted from his original petition, through error of the clerk.

The supplemental transcript contains what the clerk certifies to be a true copy of the substituted original petition, which shows to have been filed in the county court of Wichita county, Tex., November 26, 1927. This supplemental transcript fails to show any motion made to substitute pleadings, and fails to show the order of the court on such motion, or on what date such order was made, but that it was filed in that court one month after the judgment in this court, reforming and affirming the case.

[2] If presented in time, this showing is not sufficient to authorize appellee's motion for a writ of certiorari. However, if the supplemental transcript tendered contained all the necessary proceedings to show that an original petition was filed and lost, and a substituted petition filed in lieu thereof, we are without discretion, at this time, to grant the

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

motion for certiorari and consider the supplemental transcript. H. & T. C. Ry. Co. v. Parker, 104 Tex. 162, 135 S. W. 369; Camden Fire Ins. Ass'n v. Hill (Tex. Civ. App.) 264 S. W. 126 (on motion for rehearing), and authorities cited; Mansfield v. Orange Inv. Co. (Tex. Civ. App.) 263 S. W. 658; Woolley v. Nelson (Tex. Civ. App.) 250 S. W. 481.

The original opinion is withdrawn, the judgment of this court reforming and affirming the judgment of the trial court is set aside, and the judgment of the trial court is reversed and remanded.