### GRAND LODGE, COLORED KNIGHTS of PYTHIAS, v. KIDD. (No. 435.)

Court of Civil Appeals of Texas. Eastland.
Sept. 28, 1928.

Rehearing Denied Nov. 9, 1928.

H. P. Brelsford and Harry Brelsford, both of Eastland, for plaintiff in error.

Milburn McCarty, of Eastland, for defendant in error.

LESLIE, J. This is a suit to recover on a benefit certificate held by Sylvester Kidd in a Knights of Pythias lodge (colored). The defendant in error, Lovenia Kidd, plaintiff herein, alleged that she was the wife of Sylvester Kidd at the time of his death, the beneficiary named in the insurance policy, and entitled to the proceeds thereof. There was a general denial by the defendant lodge, plaintiff in error. After a trial judgment was rendered in favor of the plaintiff therein, Lovenia Kidd, for the amount of the insurance claimed. The defendant brings error to this court. The parties will be referred to as in the lower court.

The facts out of which the lawsuit grows are: Sylvester Kidd married Lovenia Kidd, took out an insurance policy, payable to her as his wife, divorced her October 17, 1924, married Mattie Roberts October 27, 1924, and died on October 31, 1924, having failed to change the beneficiary in the policy. Proof of death was submitted by Lovenia Kidd, but the Blue Ribbon Lodge, in which the benefit certificate was held, refused payment because, upon investigation, it was disclosed to the secretary of the endowment rank that Sylvester Kidd had procured the decree of divorce aforesaid. Sylvester Kidd and Mattie Kidd were living together as husband and wife at the time of his death, and the proceeds of the policy were paid to her.

There are two district courts, the eighty-eighth and the ninety-first, in Eastland county, having concurrent civil and criminal jurisdiction, with authority in either judge, in his discretion, either in term time or in vacation, to transfer any civil case to the other of said courts by order entered on the minutes of his court, or minutes or orders made in chambers. Where such orders are made, it is the duty of the clerk to copy and certify to the same, together with all orders made in the case, and file such certified copies among the papers of the case thus transferred, and it is made the further duty of the clerk to docket such cause in the court to which it shall be transferred, and, when so entered, the court to which it shall have been transferred shall have like jurisdiction therein as in cases originally brought in said court. The same statute provides that the district clerk of Eastland county shall be the clerk of each of said courts, and that he shall file all suits alternately in said eighty-eighth and ninety-first district courts. R. S. art. 199, subd. 88.

When Sylvester Kidd's petition for divorce was presented to the clerk for filing, September 11, 1924, it was addressed to Hon. George L. Davenport, judge of said court, and contained all the material allegations necessary to make it the basis of a judgment. The case was tried before said judge of the ninety-first district court, but it appears that the clerk of said court, on receiving the petition, placed it and the other papers pertaining

thereto in a jacket upon which was the following indorsement:

"No. 11114.

"In 88th District Court, Eastland County, Texas.

"Sylvester Kidd v. Lovenia Kidd,"

—and made an entry in the eighty-eighth district court's file docket as follows:

"Sylvester Kidd v. Lovenia Kidd.

"No. 11114. Suit for Divorce.

"Plaintiff's attorneys: Judkins & Dodson."

In the agreed statement of facts it is specified with reference to said cause that there is no entry on the civil docket of either of said courts, and that each court has its separate file dockets. It is further agreed that:

"Said suit was shown to have never been entered in the file docket of the ninety-first court and that no order was ever entered transferring said suit from the eighty-eighth district court to the ninety-first district court."

Under these circumstances, it appears that the cause came on for hearing in the ninety-first district court and a judgment was entered therein October 17, 1924, granting Sylvester Kidd a decree of divorce from Lovenia Kidd. The judgment is in the usual form and in the first part thereof recites:

"Be it remembered that upon this the 17th day of October, 1924, this cause came on to be heard and plaintiff appeared in person and by attorney and announced ready for trial, but the defendant, *although she had duly waived service of process and entered her appearance herein,* came not, but in all else made default."

The defendant, Lovenia Kidd, concedes that, if said decree of divorce is valid and binding, she could not be the beneficiary under the policy sued on, for she would have had no insurable interest in the life of Sylvester Kidd at the date of his death, since, upon the granting of a divorce, a wife's insurable interest in her husband's life ceases, and she, by reason thereof, ceases to be a beneficiary under a policy naming her as such. Whiteselle v. Northwestern Mutual Life Insurance Co. (Tex. Com. App.) 221 S. W. 575.

■ However, the contention of the defendant in error in the instant case is that the ninety-first district court was without jurisdiction to render the judgment granting said divorce, for the reason that no petition for divorce was ever filed in that court, and that it

was, therefore, not authorized to render the decree without a petition that would support it. As an abstract proposition of law this is correct, as may be seen from the following authorities: Watson v. Miller Bros., 69 Tex. 175, 5 S. W. 680; Kentucky Oil Corp. v. McCandless (Tex. Civ. App.) 300 S. W. 972; R. S. art. 1971.

■ It is admitted that the attack upon the judgment in the divorce case is purely collateral, and that the defendant, Lovenia Kidd, seeks to escape its binding effect in this proceeding in the county court at law of Eastland county by relying upon evidence or agreed facts hereinbefore detailed. In the instant case the ninety-first district court had potential jurisdiction to try that divorce suit. The first paragraph of the judgment therein discloses that said court had active jurisdiction of the person of the defendant, in that it appears "she had duly waived service of process and entered her appearance." The judgment in that cause is regular on its face, containing no evidence of invalidity, and is impregnable as against a collateral attack. The correctness of the recitals of that judgment she will not now be heard to deny in the manner attempted. She is bound thereby, until relieved from the force and effect of that judgment in a direct attack instituted for that purpose, and the presumption is that by such waiver and entry of appearance she consented to confer active jurisdiction upon the ninety-first district court. Marx et al. v. Heidenheimer Bros., 63 Tex. 304 (writ refused); Hosmer et al. v. New York Buyers' Ass'n et al. (Tex. Civ. App.) 258 S. W. 853.

For the foregoing reasons, we believe the judgment of the trial court should be reversed, and, since the facts are fully developed and authorize a judgment in favor of plaintiff, the judgment will here be rendered in its favor. It is so ordered.

### On Rehearing.

The defendant in error's motion for a rehearing has been carefully considered by this court. We are still of the opinion that the record in the divorce case of Sylvester Kidd v. Lovenia Kidd (as presented upon the trial of the instant case) does not affirmatively show anything that would render the judgment in the divorce case void. It would, therefore, not be subject to the collateral attack here being made on it.

The motion will be overruled.