## HARTSFIELD et al. v. FERGUSON.
### No. 1694.

Court of Civil Appeals of Texas. Eastland.
Oct. 8, 1937.

T. R. Odell, of Haskell, for plaintiffs in error.

W. H. Murchison, Jr., of Haskell, for defendant in error.

LESLIE, Chief Justice.

October 2, 1935, Joe Lee Ferguson filed in the justice court of precinct No. 2, Haskell county, Tex., an affidavit for a distress warrant to seize certain property of H. G. Hartsfield, his tenant, and sell the same to reimburse him for advances, etc., due said landlord by the tenant. Citation issued at the same time, and both writs were made returnable to the county court of Haskell county. The property seized was replevied and thereafter, at a trial in the county court, judgment was rendered in favor of Ferguson against the defendant Hartsfield and the sureties on his replevy bond. The judgment purports to foreclose a statutory lien on cotton and maize crops, etc. Hartsfield and the sureties prosecute. error to this court.

The validity of the judgment is questioned upon many grounds, but we do not find it necessary to discuss each of them. As stated, the warrant and citation were made returnable to the county court of Haskell county. Article 5235, R.S.1925, provides: "When the warrant is made returnable to the district or county court, the plaintiff shall file his petition on or before the appearance day of the term of court to which said papers are returnable."

The transcript in this case contains no such petition. In Kentucky Oil Corp. v. McCandless (Tex.Civ.App.) 300 S.W. 972, the record, as revealed by the transcript, failed to show the filing of any petition by the plaintiff in the court below as the basis for his judgment therein. Setting out article 1971, R.C.S. 1925, which provides: "Civil suits in the district and county courts shall be commenced by petition filed in the office of the clerk," the court held: "It is apparently settled in this state that neither the county nor the district courts are authorized to render a judgment in civil cases, unless a petition which would support the judgment had been theretofore filed with the clerk." Citing Montgomery v. Barnett, 8 Tex. 143; Watson v. Miller Bros., 69 Tex. 175, 5 S.W.

680; Watson Co., Builders, v. Bleeker et ux. (Tex.Civ.App.) 285 S.W. 637.

Under said article 5235, it is imperative that such a petition be filed. Jones v. Walker, 44 Tex. 200; Bateman v. Maddox, 86 Tex. 546, 26 S.W. 51. Without such pleading the jurisdiction of the proper court could not well be determined.

In the Jones-Walker Case no petition was filed at either the first or second term of court. It was there held: "And as no petition was filed at that term or at the second term when the case came to trial, the court could not have acted otherwise than to quash the writ and dismiss the suit. It is the petition and not the warrant that the defendant is cited to answer. The plaintiff evidently cannot prosecute his suit on merely an affidavit and warrant. Without a petition there is no foundation for the action, and nothing upon which the court can render a judgment against the defendant."

The earlier cases in Texas held that the statute was mandatory and required the petition to be filed in any event "on or before" appearance day, or suffer dismissal of suit. Bruner v. Dubard, 1 White & W.Civ.Cas.Ct.App. § 391; Braley v. Bailey, 1 White & W.Civ.Cas.Ct.App. § 790; Jones v. Stone, 2 Willson, Civ.Cas. Ct.App. § 358. The rule has been modified by subsequent decisions to the effect that the petition may be filed at any time prior to the dismissal of the action. Bateman v. Maddox, supra. But all the decisions hold that the statute must be complied with, in that a petition shall be filed in cases in the district and county courts.

The transcript in the instant case does not evidence any such compliance. Hence we have before us a judgment without pleadings to support it. This is fundamental error, for which the judgment of the trial court must be reversed and the cause remanded. It is so ordered.

GRISSOM, J., disqualified and not sitting.