**The CARBORUNDUM COMPANY,**
**Appellant,**

v.

**O. B. KEESE et al., Appellees.**

**No. 6765.**

Court of Civil Appeals of Texas.

Amarillo.

April 21, 1958.

Rehearing Denied May 19, 1958.

Adkins, Folley, McConnell & Hankins, Amarillo, for appellant.

Ochsner & Robinson, Amarillo, for appellees.

NORTHCUTT, Justice.

We adopt the appellant's statement of the nature of this case which is as follows:

This is a damage suit brought by appellee, O. B. Keese, against Clowe & Cowan, Inc., and appellant, The Carborundum Company. The suit was filed September 12, 1957, and the defendant, Clowe & Cowan, Inc., filed its answer consisting of a general denial October 7, 1957. On September 19, 1957, appellee, Hardware Mutual Insurance Company filed a plea of intervention setting out that it carried the Workmen's Compensation Insurance for the employer of appellee, Keese, at the time he sustained his accidental injury; and that it had paid out $1,597.50 in Workmen's Compensation and medical bills, and asked that it be subrogated to that extent. No answer was ever filed by appellant.

On October 15, 1957, a default judgment was entered against appellant in favor of Keese and Hardware Mutual Insurance Company for $12,000. In that judgment the defendant, Clowe & Cowan, which had answered, was dismissed without prejudice.

Appellant, on October 23, 1957, filed its motion for new trial and on November 14, 1957, filed its motion to set aside the default judgment. In these motions it was asserted that for several reasons there was no valid service upon appellant to support a default judgment; and additionally that the default judgment was not valid because it was entered on a substituted petition which was filed without compliance with Rule 77 of Texas Rules of Civil Procedure.

On November 18, 1957, appellee, Keese, filed a motion to amend the citation upon which there was attempted service upon appellant to show that both the citation and the sheriff's return thereon were upon Jim Allison "Local Agent" of appellant. On the same day this motion was filed, the court granted the motion to amend the citation

and sheriff's return thereon and allowed plaintiff's attorney to write on the citation "Local Agent of" and also make the same notation on the sheriff's return. Immediately after this was done testimony was heard on appellant's two motions and they were overruled. To all of which action of the court appellant excepted and gave notice of appeal.

Appellant presents this appeal upon five points of error; but since we are of the opinion that appellant's points three and five should be sustained we deem it unnecessary to consider the other points of error.

Point three is as follows: "The trial court erred in failing to set aside the default judgment for the reason the citation was not directed to appellant as required by Rule 101 T.R.C.P., and accordingly would not support a personal judgment against appellant."

In reply to appellant's point three it is the contention of appellees that the trial court did not err in failing to set aside the default judgment for the reason that the citation, as amended, complied with Rule 101, T.R.C.P., and for the further reason that the question is not properly before this court because the same was not raised in the trial court in its motion for a new trial but was raised for the first time on this appeal. This was a default judgment and was entered by the court without a jury. Appellant is not required to file a motion for new trial where a judgment is rendered by the court without a jury. Rule 324, T.R.C.P. Although appellant filed a motion for new trial, it was not bound thereby and was not confined to the errors assigned therein. State v. Clement, Tex. Civ.App., 252 S.W.2d 587; Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101, by the Supreme Court.

The judgment in question was entered against the appellant before any attempt was made to correct the citation. The only correction the appellant sought to make in the citation was to insert the word "local" to show Allison was the local agent of the appellant. Rule 101, T.R.C.P. states: "The citation shall be styled 'The State of Texas' and shall be directed to the defendant * * * ." We think where it is stated *shall* that it is mandatory. Consequently, it is necessary that the citation shall be styled "The State of Texas" and it must be directed *to* the defendant. The rule does not state to the defendant or his agent. Johnson v. Cole, Tex.Civ.App., 138 S.W.2d 910 (writ refused by the Supreme Court); Lamesa Rural High School Dist. v. Speck, Tex.Civ.App., 253 S.W.2d 315 (writ refused N.R.E.); Firman Leather Goods Corporation v. McDonald & Shaw, Tex.Civ.App., 217 S.W.2d 137; Hitt v. Bell, Tex.Civ.App., 111 S.W.2d 1164 and Lemothe v. Cimbalista, by Gates, Tex.Civ.App., 236 S.W.2d 681. The citation here was directed to Jim Allison. We sustain appellant's point three.

Appellant's point five is as follows: "The default judgment having been entered on a substituted petition, which was filed without compliance with Rule 77, T.R.C.P., the judgment by default was void and the trial court erred in not setting it aside." It is undisputed that at the time the default judgment was entered the original petition could not be found, but was lost, and the appellee substituted what we consider as his office copy. It is true the original petition was later discovered but not until after the entering of the default judgment, and the default judgment was entered upon the substituted petition without appellee in any manner attempting to comply with Rule 77, T.R.C.P. This rule provides that when any papers or records are lost or destroyed during the pendency of a suit, either party may, after three days notice to the adverse party or his attorney, supply such lost records or papers by making written sworn motion before the court stating the loss or destruction of such record or papers, accompanied by certified copies of the original, if obtainable, or by substantial copies thereof. It is the contention of appellee that the trial court did not err because the

court had before it a duplicate petition and an exact copy of the original petition and because the original petition was on file in the clerk's office. Lost instrument is defined in Bouvier's Law Dictionary as a document or paper which has been so mislaid that it cannot be found after diligent search. This record clearly shows that the petition had not been found at the time the judgment was entered.

It is stated in Whorton v. Nevitt, Tex.Civ. App., 42 S.W.2d 1056 as follows:

"Revised Statutes, art. 2289, provides that where a pleading is lost, and the parties do not agree in writing as to the contents of the lost instrument, the party desiring to substitute such lost instrument may, after giving the adverse party or his attorney three days' notice, make a sworn motion to have same substituted, and if upon a hearing thereof it is found that the paper offered as a substitute is a true copy of the original, the same may be substituted in lieu of such original. Under this statute, and in the absence of an agreement, it is essential before a pleading can be substituted that a sworn motion be filed and that notice thereof be given to the adverse party. Such adverse party is entitled, if he desires to do so, to contest the allegation that the instrument offered as a substitute is a true copy of the lost instrument. Notice to him that such a motion has been filed seems to be essential to give the court jurisdiction to act thereon. Since no sworn motion was filed and no notice was given, a judgment based on the substitute pleading was illegal. Revised Statutes, art. 2289; Watson v. Miller Bros., 69 Tex. 175, 5 S.W. 680; Newman v. Dodson, 61 Tex. 91; Crosby v. Di Palma, Tex. Civ.App., 141 S.W. 321; Strohmeyer v. Wing, Tex.Civ.App., 77 S.W. 977; Watson Co., Builders v. Bleeker, Tex. Civ.App.; 285 S.W. 637; John Hamilton & Co. v. Western Union Telegraph Co., 35 Tex.Civ.App. 602, 81 S.W. 58."

To the same effect is the case of Watson v. Miller Bros., 69 Tex. 175, 5 S.W. 680 by the Supreme Court.

We are of the opinion that at the time the default judgment was entered upon the substituted petition the original petition was lost, and appellee should have searched until the lost was found or complied with Rule 77, T.R.C.P.

Judgment of the trial court is reversed and remanded and a new trial granted to appellant.