There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 25, 1883.]

---

## J. CALVERT v. WM. RAMSEY.

(Case No. 4272.)

1. PRE-EMPTOR — ACTION — PATENT.— Suit may be maintained against a surveyor, to compel a survey, by one claiming pre-emption rights against a patentee who also claimed as a pre-emptor, but whose patent was procured by false affidavits as to his settlement and occupancy. The issuance of the patent was a ministerial act, and, if done without authority of law, the patent is invalid as against one claiming a pre-existing equity.

APPEAL from Jack. Tried below before the Hon. A. J. Hood.

Calvert sued defendants in error, February 6, 1880, claiming that he pre-empted one hundred and sixty acres of land in Jack county in 1878, by settling upon it as the head of a family; that the land was then vacant unappropriated public domain; and that he had twice made formal demand of the surveyor to survey the same for him, once in 1878, and once in 1879, but that the surveyor refused to survey the same; that he had since his settlement continuously occupied the land and improved and cultivated the same. That after his settlement, Ramsey, as administrator of Howell Walker, deceased, fraudulently and by false and irregular affidavits procured a patent to issue to the heirs of Walker for the land, and that the patent was invalid, etc. Walker's widow and children were asserting a claim to the land, etc. He sued to remove cloud and to compel a survey. The other allegations are sufficiently stated in the opinion.

To this the defendants in error specially excepted: 1st. Because it did not appear that plaintiff in error had taken the necessary steps to secure a survey. 2d. Because the surveyor was not authorized to survey the land. 3d. To certain portions of the petition as impertinent and irrelevant.

These exceptions were sustained by the court; the plaintiff in

error declined to amend, whereupon the court rendered judgment dismissing the case.

The errors assigned presented the proposition that the court erred in these rulings, etc.

*J. A. Roach*, for appellant, cited 25 Tex. Sup., 408; 28 Tex., 429, 452; 22 Tex., 77; 9 Tex., 598; 26 Tex., 43, 298; 17 Tex., 50.

No briefs for appellees on file.

WATTS, J. COM. APP.— Under the pre-emption laws of this state, actual occupancy and cultivation of the land for three years has always been a condition precedent to securing title as a pre-emptor. If, after a settlement has been made upon public land, and before the three years' occupancy and cultivation has concurred, the settler voluntarily abandons the land, he thereby forfeits all pre-emption privileges, and the land becomes subject to settlement, location and survey, as other unappropriated public domain.   Gambrell *v.* Steele, 55 Tex., 585; Bledsoe *v.* Cains, 10 Tex., 455.

A temporary absence on business or otherwise will not work a forfeiture of the settler's rights as such, provided the circumstances do not evidence an intention of a permanent abandonment.

From the allegations in the petition it appears that Walker and his wife were separated as early as 1870; that he left her in Eastland county that year, and went to Jack county; he settled upon the land in controversy in February, 1873, as a pre-emptor, and lived upon the land until September, 1873, when he died; from thence until October 30, 1878, the land was unoccupied; during that time defendants in error, nor either nor any of them, occupied the land, or took any steps to secure title to the same; that at that time the land was vacant, unappropriated public domain, and subject to settlement, location and survey; and that he then, as the head of a family, moved upon and occupied the same as a pre-emptor, and had since that time continued to occupy and cultivate the land.   It also appears from the petition, that, subsequent to plaintiff in error's settlement upon the land, Ramsey, as the administrator of Walker, had falsely and fraudulently made affidavit as to Walker's settlement upon the land, etc., and in the same way secured supporting affidavits of two persons, and fraudulently procured the issuance of a patent to Walker's heirs for the land.   The demurrer admitted the truth of these allegations, and of their sufficiency to entitle plaintiff in error to relief we have no doubt

whatever. Taking these allegations as true, certainly the Walker settlement had been abandoned, and the land had become a part of the unappropriated public domain long before plaintiff in error made his settlement upon it in 1878.

In Burleson v. Durham, 46 Tex., 159, which is a similar case to the one under consideration, the court said: "The general policy of the republic and the state has been to encourage emigration, and the settlement of the public domain, by giving a preference to the actual settler seeking to make of it a home. But it is not believed that it has been the policy to encourage, by special privileges, the mere temporary occupation or use of the public land, etc., etc., etc. In all the enactments from 1853 down to 1871, the pre-emptionist is required to show that he resided upon and cultivated the land for three years."

It is fully settled by frequent adjudications that here the issuance of a patent is a ministerial act, which if issued without authority of law is invalid. Commissioner v. Smith, 5 Tex., 471; Todd v. Fisher, 26 Tex., 239; Sherwood v. Fleming, 25 Tex. Sup., 408.

From the allegations in the petition it appears that Calvert had such an equitable interest in the land, at the time the patent issued, that would enable him to impeach it on account of the alleged invalidity.

We conclude that the court erred in sustaining the exceptions to plaintiff in error's petition and in dismissing the case. For which error the judgment ought to be reversed and the cause remanded. As to plaintiff in error's rights as against the surveyor, we refer to Miller & Burnett v. Hays, 42 Tex., 486.

REVERSED AND REMANDED.

[Opinion approved May 29, 1883.]