### E. R. STIFF ET AL. V. J. J. FISHER.

### No. 22.

**1. Wrongful Attachment—Money Obtained by False Pretenses.**
An attachment sued out on the ground that a large sum of money sued for was obtained by false pretenses, when in fact only a small part of the sum sued for had been so obtained, was wrongfully obtained.

**2. Same—Charge.**—The facts raising the issue, it was proper to charge the jury, "If you believe from the evidence that plaintiff advanced to defendant the sum of $1200, which money was obtained under false pretenses made by the defendant, and the remainder of the money advanced by plaintiff was not obtained in such way, then you are instructed that the obtaining of such money in such way would not justify the charge made in the affidavit *that the money sued for was obtained under false pretenses.*"

QUESTION certified by the Court of Civil Appeals, Second District, in a case on appeal from Cooke County.

*J. F. Mangum* and *Stuart & Lewis*, for appellants.

*Davis & Harris*, for appellee.

STAYTON, CHIEF JUSTICE. — The question certified for decision is, Should the court have given a charge requested by a defendant, who had pleaded in reconvention for damages for suing out and levying attachment, based on two grounds, one of which was, that the debt was due for property obtained under false pretenses?

The charge requested was as follows: "If you believe from the evidence that plaintiff advanced to defendant the sum of $1200, which money was obtained under false pretenses made by defendant, and the remainder of the money advanced by plaintiff was not obtained in such way, then you are instructed, that the obtaining of such money in such way would not justify the charge made in the affidavit that the money sued for was obtained under false pretenses."

The certificate shows that the facts called for such an instruction, if it correctly states the law applicable to such a state of facts.

The court had, in effect, charged that the attachment would be wrongful if both grounds on which it was based were found to be false.

We are of opinion, that an attachment sued out on the ground that a

large sum of money sued for was obtained by false pretenses, when in fact only a small part of the sum sued for was so obtained, was wrongfully obtained.

In such case the affidavit is substantially untrue.

The remedy by attachment is a harsh one, and given only for the purpose of protection against wrong of the debtor in most instances. It takes a defendant's property from his possession and use in advance of the time it can otherwise be seized and sold in satisfaction of his indebtedness. Seizure under such process creates a lien upon the thing seized; and if it be perishable it may be sold pending litigation, and the title thus pass from its owner, for a sum much less than its value, although the result of the action may show that its owner was not in fact indebted, or that no ground for attachment really existed. If a defendant desires to replevy, he must give onerous bond in double the amount claimed by plaintiff, or for the value of the property.

The law contemplates the use of attachment only when and to the extent necessary to protect a plaintiff from the wrongful act of a defendant; and to guard against the abuse of the remedy, it requires the applicant to swear to the existence of the facts on which the writ may issue, and thus to furnish the means by which the extent to which a levy may be made can be ascertained.

The law further requires him to execute a bond, conditioned to pay such damages as may result if the writ be wrongfully sued out and levied.

The wrong inflicted when attachment is sued out and levied for a sum greater than the law permits, differs only in degree from the wrong inflicted when the process is sued out and levied without any sum whatever being due to a plaintiff, or where no grounds whatever exist for the use of the process.

In Estlow v. Hanna, 75 Michigan, 219, it was held, that attachment issued on the ground that the debt sued for was fraudulently contracted should be dissolved, if it appeared that only a part of the claim was affected by such fraud. The same ruling was made in Mayer v. Tingre, 18 Nebraska, 458.

The rule was recognized in Mackey v. Hyatt, 42 Missouri Appeals, 443, but the facts of that case were not thought to bring it within its operation.

Where attachment should be dissolved in those jurisdictions where this is permissible on account of the falsity of the affidavit on which it is based, it is because the procurement and use of the writ was wrongful, and hence such wrongful act may be made the basis for damages where property is seized under a writ so procured.

If an affidavit be made for the purpose of procuring attachment, that a large sum of money is due to a plaintiff, when in fact there was only a small sum due, this would not entitle a defendant to recover damages for the seizure of any property under the writ, but would only entitle him

to recover damages for a seizure of property in excess of that which the real indebtedness would have justified.

The same rule ought to apply when the facts are as in the certificate stated for our consideration.

The charge requested, however, had no bearing on the question of measure of damages; and, in effect, related only to the legality of the plaintiff's act under the facts supposed.

Whether the question certified could have any effect upon the right of defendant to recover damages if the other ground for attachment existed, we are not called upon to decide.

Under the facts certified, we are of opinion that the requested charge should have been given, even though this might have rendered necessary the giving of a charge upon the measure of damages applicable to the case made by the certificate, or a charge as to the right of the parties in case the other ground for attachment was found to exist.

Delivered May 29, 1893.