## J. A. McKee v. P. W. Sims.

### No. 661. Decided May 2, 1898.

**1. Distress for Rent—Claims False in Part.**

A distress warrant based upon a claim false in part and true in part (e. g., sued out for $193.50, where only $171.35 was found to be due) is illegally and unjustly sued out to the extent that it is based on such excess and renders the distrainor liable for damages caused by its inclusion. (Pp. 52, 53.)

**2. Distress Warrant—Excessive Levy.**

The levy of a distress warrant upon more of the goods subject to the landlord's lien than is reasonably necessary to satisfy the claim, will not render him liable to the tenant. The landlord has a right to foreclosure of his lien upon all the property subject thereto. Rev. Stats., arts. 3240, 3242, 3243. (Pp. 53, 54.)

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

*Cofer & Murphy,* for appellant.—The court erred in charging the jury to find a verdict in favor of the defendant and in overruling the plaintiff's motion for a new trial on the ninth ground thereof, because the evidence showed that the distress levy was excessive, in that defendant distrained for more rent than was due at the time of the levy, and the court erred in deciding this issue and in not submitting it to the jury, because it is illegal and wrongful to distrain for more rent than is due and for which an action lies for damages. Smith v. Jones, 31 S. W. Rep., 306.

The court erred in not sustaining plaintiff's amended motion for a new trial on the tenth ground thereof, because the evidence shows that plaintiff was indebted to the defendant in the sum of $128.10 after deducting all credits and setoffs, and the evidence further shows that the goods levied on were worth all the way from $500 to $1600, and sold for cash at public outcry for $450, which said levy was excessive, yet the court held on the trial and on the hearing of the motion for a new trial that an excessive levy of a distress warrant is not a good cause of action, and refused to allow the jury to pass on this issue raised by the pleadings and evidence. Rev. Stats., art. 3243; 4 Minor's Institutes, 111, 116, 120, 121; 3 Black. Com., 12; Taylor's Landl. and Ten., sec.

729; Fishburne v. Engledove, 22 S. E. Rep., 354 (in Annual, 1895); Bacon's Abridg., title "Distress" (E).

*Robt. E. Cofer*, for appellant, also filed a motion for rehearing and argument in support thereof upon the ruling of the court in answer to the second question certified. The motion was overruled.

*Potter & Potter*, for appellee.—The appellee, having a landlord's lien upon all the property levied upon in this case, had a right to distress any part or all of the same for his rent, and no power can make him separate a mixed stock of second-hand goods, all situated in his own house, and levy on part and let the other go. If there can be an excessive levy in any distress warrant case, it is only where there is actual malice and oppressive action. There being nothing in this case to submit to the jury, the court was not required to do so. Wilks v. Adler, 5 S. W. Rep., 497; Slay v. Milton, 64 Texas, 426.

DENMAN, Associate Justice.—The Court of Civil Appeals have certified to this court the following explanatory statement and question:

"A distress warrant was sued out by appellee against appellant in the sum of $193.50, under which the sheriff seized a stock of goods worth several hundred dollars, greatly exceeding the amount of the debt, but all subject to the landlord's lien. It was adjudicated in the justice court, where the distress proceeding was had, and from which no appeal was taken, that only the sum of $171.35 was due for rents.

"This suit was brought in the District Court against the plaintiff in the distress proceeding to recover damages for a wrongful and excessive levy. The district judge held that the judgment of the justice court adjudicated that the rent sued for was due at the time the distress warrant was levied, and instructed a verdict for the appellee.

"This ruling we held to be erroneous, and ordered a reversal of the judgment, but as our jurisdiction is not final, and the cause is remanded for a new trial, we are urged by the appellee to certify this question to your honors for decision, and, as was done by us in the case of Stiff v. Fisher, 85 Texas, 556, which seems to be analogous to this, we deem it advisable to do so.

"The question certified, then, is:

"Whether the excess of $22.15 in the amount sued for, above that which was due for rents, should be treated as rendering the affidavit substantially untrue, and consequently as causing an abuse of the distress process? And in addition, if not included within the question, whether there can be an excessive levy though the officer seizes much more goods than are reasonably required to pay the rent, where he seizes only such goods as the law gives the landlord a lien upon?"

We understand the first question to be, does the fact that $22.15, which could not have properly been made the basis of distress proceedings, was included in the affidavit render defendant herein liable for such damages as plaintiff herein may be able to show that he sustained

as the result of such inclusion? The bond required by Revised Statutes, article 3241, is, that plaintiff and his sureties will pay defendant "such damages as he may sustain in case such warrant has been illegally and unjustly sued out." If the inclusion of the $22.15 was both *illegal* and *unjust* it breached the statutory bond, and the question must be answered in the affirmative, whether the suit be upon the bond or not. The statute prescribes the grounds and the procedure for distress warrants. A warrant based upon a false ground or sued out without a substantial compliance with the requirements of the statutes would be illegal because not authorized by law. So if the ground be false in part and true in part, the warrant would be "illegally sued out" in so far as it was based upon such false ground. Stiff v. Fisher, 85 Texas, 556. Therefore, to the extent that the warrant was based upon the $22.15 it was "illegally sued out." We are also of opinion that it was "unjustly sued out" in so far as it was based upon the $22.15. The word "unjustly" as here used means not *in fact authorized* by the statute. If the *real facts* authorize the writ it would not be "unjustly sued out," though for want of compliance with the statute in some substantial particular it be "illegally sued out." If the proceedings had been based entirely upon the $22.15 it would be clear that the warrant was "illegally and unjustly sued out." We think it follows that it was so to the extent that it was based thereon, and we answer the question above stated in the affirmative.

We understand the second question to be, if the warrant be sued out for an amount and in the form authorized by the statute but is levied upon more of the goods subject to the landlord's lien than is reasonably necessary to satisfy the claim, can the landlord be held liable for such damages as the tenant may show that he suffered by reason of the seizure of such goods as were not necessary to satisfy the claim? We are of opinion that this question must be answered in the negative. The statute gives the lien upon all the property. It follows that the landlord has the right to a foreclosure of such lien upon it all. He may resort to an ordinary suit for that purpose. Bourcier v. Edmondson, 58 Texas, 675. The statutory proceeding by distress warrant was intended as a simple and inexpensive method of enabling the landlord to hold the property until he could have a foreclosure in the proper court to which the warrant should be returned. To hold that by resorting to this proceeding he must forego a foreclosure upon the entire property and then take the chances of being liable for damages for what might turn out to be an excessive seizure, would make the proceeding so dangerous that a prudent person would prefer to lose his rent in many cases rather than distrain. This would leave the landlord virtually no remedy in cases of small rentals where the amounts due would not justify employment of counsel and incurring of costs incident to an ordinary suit to foreclose, and would result in the destruction of the only security which a large class of poor but honest tenants are able to give for rents and advances to enable them to live while cultivating their

crops. The language of the statute does not demand such construction. The entire proceeding so far as the landlord is concerned seems to contemplate the foreclosure of the lien upon the entire property. Article 3240 provides, that "it shall be lawful * * * to apply * * * for a warrant to seize the property of such tenant." We do not think the language of articles 3242 and 3243 as to the form of the writ and the duty of the officer was intended to restrict the landlord's right, but gave the officer the discretion at his peril of seizing only a part of the property. It was based upon the idea that there might be cases in which the officers could see that a part of the property would easily satisfy the claim and that there would be no necessity of levying upon more. If the statute had intended to authorize the levy upon no more property than was sufficient to satisfy the claim, instead of leaving the matter to the discretion of the officer as above indicated, it would have been unnecessary to have inserted the first portion of the clause, "the property of the defendant, or so much thereof as will satisfy the demand," in the writ.