### MICHALEK v. CERNOCK.

(Court of Civil Appeals of Texas.  Jan. 28, 1911.)

1. APPEAL AND ERROR (§ 172*)—OBJECTIONS NOT RAISED BELOW.

A landlord cannot justify distress by showing on appeal a valid ground for the writ under Sayles' Ann. Civ. St. 1897, art. 3240 not relied on in the affidavit for the writ; the ground relied on below having been found not to exist.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1070–1078; Dec. Dig. § 172.*]

2. LANDLORD AND TENANT (§ 274*)—WRONGFUL DISTRESS — DAMAGES—EVIDENCE—SUFFICIENCY.

Evidence held insufficient to sustain an award of $350 actual, and $250 exemplary, damages, for wrongful distress against a farm tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 274.*]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Action by August Michalek against Frank J. Cernock. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Orus O. Ross and W. L. Hay, for appellant. J. W. Fisher, for appellee.

BOOKHOUT, J. The inception of this suit is a distress warrant issued out of the justice's court of precinct No. 3 of Grayson county, on September 13, 1909. It was claimed that certain advances in the sum of $332.46 were made by August Michalek to Frank Cernock, his tenant, to enable him to make a crop, which amount was due. The writ was levied on certain corn and cotton. It was made returnable to the county court of Grayson county. In the county court plaintiff filed his first amended original petition specifically setting out two notes, which he alleged evidenced the advances, neither of which was due when the distress warrant issued. The said amendment further alleged that "on or about the 10th day of September, 1909, said defendant, Frank J. Cernock, without the knowledge or consent of plaintiff,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

and while the rents and advancements above mentioned were unpaid, removed and permitted to be removed from said premises three bales of cotton, and that said defendant sold said cotton and appropriated the proceeds thereof to his own use and benefit, and failed and refused to pay the plaintiff his portion of the rent therefrom and that defendant was about to remove on said date from said premises other property without the consent of plaintiff, and without paying plaintiff his rent or paying the advancements above mentioned." The defendant filed an amended answer, denying that plaintiff furnished him with any advances with which to make his crop and reconvened for damages, actual and exemplary, for the alleged wrongful and illegal suing out and levy of the distress warrant. A trial resulted in a verdict as follows: "We, the jury, find for plaintiff in the sum of $235.85 for rents. We do not find for $76.65 for supplies. We find in favor of defendant the sum of $350, actual damages, and $250 exemplary damages, and $22 for work." Upon this verdict judgment was rendered for defendant in the sum of $386.15, and for all costs, and his motion for a new trial being overruled plaintiff perfected an appeal.

It is assigned that the court erred in the seventh paragraph of his charge in submitting to the jury the issue as to whether or not the distress warrant was sued out without probable cause. It is insisted that the evidence showing that the tenant without payment of his rent and before the distress warrant was sued out had sold three bales of cotton raised on the rented premises, that this constituted probable cause as a matter of law. The uncontradicted evidence showed that the tenant had sold at different dates three bales of the cotton raised by him on the rented premises at the time the distress warrant issued and had the affidavit alleged this fact as the basis for suing out the writ the contention would be sound. But these facts are not alleged in the affidavit or made the ground of the issuance of the writ. The ground set out in the affidavit as the basis for the issuance of the writ is that the advances are due, when the affidavit on its face shows that this was not true. The statute sets out three grounds upon which the writ may issue, one being that when the advances made the tenant are due. Sayles' Ann. Civ. St. 1897, art. 3240.

The affidavit for the writ having specified a valid ground for the issuance of the writ, and upon trial it being shown that such ground did not in fact exist, the appellant cannot, on appeal, be heard to say that a valid ground for suing out the writ did exist at the time of its issuance, and this constituted probable cause for the writ, when such ground was not made the basis for its issuance. Such, in effect, is the holding of this court in Jackson v. Corley, 30 Tex. Civ. App. 417, 70 S. W. 571. See, also, Weir v. Brooks, 17 Tex. 640; McKee v. Sims, 92 Tex. 51, 45 S. W. 564; Stiff v. Fisher, 85 Tex. 556, 22 S. W. 577.

Again, it is contended that the verdict is excessive in finding $350 actual damages in favor of Cernock, the tenant. This contention must be sustained. The testimony in regard to the damages to the corn was to the effect that the corn would make from 12 to 15 bushels per acre and that there was about 40 acres planted in corn. The market price of same was 60 cents per bushel; that the greatest amount of corn would not have been over 600 bushels, of which amount the plaintiff was entitled to one-third as rents, leaving 400 bushels belonging to defendant. The proof further showed that the corn was on hand and the only damage which it might have sustained was by reason of the fact of some of it falling down and the damage on account thereof, if the total amount of the corn had been destroyed, as alleged by the plaintiff, would not have exceeded $240, and the total amount of damages to the cotton, had all of it been destroyed, as alleged by plaintiff, would not have exceeded $120, aggregating $360, and under no phase of the case, according to the pleadings and testimony can a judgment for $350 as actual damages be sustained.

It is assigned that "the verdict for exemplary damages is excessive, is without sufficient testimony to support it, and shows that the jury in rendering it was not actuated by the facts in the case or the testimony or by the law, but was actuated by passion and prejudice." This assignment is sustained. The evidence was insufficient to support a verdict for exemplary damages in the sum of $250.

For the errors pointed out, the judgment is reversed and the cause remanded.