## LANCASTER et al. v. CORSICANA NAT. BANK. (No. 2403.)

(Court of Civil Appeals of Texas. Texarkana. April 7, 1921. Rehearing Denied April 21, 1921.)

1. Attachment �köö379—That affidavit erroneously states amount of indebtedness due held not to make a jury question in action for wrongful levy.

Where a complaint in an action on notes, brought by a bank, alleged a conspiracy among defendants to defraud the bank by pledging worthless collateral to secure them, and defendants' property was attached, that the affidavit in attachment stated that one of defendants was indebted on both notes, instead of on one as the fact was, *held* not to make the affidavit false so 'as to authorize a verdict for defendants as for wrongful levy; the question being for the jury.

2. Attachment �köö32—Conspiracy to borrow money upon worthless security is ground for attachment.

Where defendants indebted to a bank on notes are shown to have conspired to obtain money from the bank upon worthless security, and that the bank, relying thereon, advanced

the money, such fraud *held* to constitute a basis for attachment of defendants' property under Rev. St. art. 240, subd. 12.

**3. Appeal and error ⟺1048(7)—Exclusion of testimony that indictment against defendant had been dismissed held harmless.**

In attachment on the ground that defendants had conspired to obtain money from a bank by putting up worthless paper as collateral and it appeared that defendant had been indicted for swindling, it was not reversible error on cross-examination to refuse to permit witness to state whether the indictment had been· dismissed; defendant himself having testified that he had been so indicted and that the indictment had been dismissed.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by the Corsicana National Bank against J. A. Lancaster and others, with, plea in reconvention. From the judgment, defendants appeal. Affirmed.

Simkins & Simkins and Callicutt & Johnson, all of Corsicana, for appellants.

Richard Mays, of Corsicana, and Dexter Hamilton, of Dallas, for appellee.

HODGES, J. The Corsicana National Bank, the appellee in this appeal, sued J. A. Lancaster and the appellant A. B. Lancaster on two promissory notes secured by a mortgage upon some mules and a wagon. The first note described was for $73.25 and bore the signatures of both J. A. Lancaster and A. B. Lancaster. The second note was for $61.50 and was signed by J. A. Lancaster alone. The bank also joined in the suit M. A. Cox and sought a recovery upon some vendor's lien notes theretofore executed by Cox to J. A. Lancaster and which had been pledged as collateral security for the two notes above mentioned. It was alleged in the original petition that while A. B. Lancaster had not signed the note for $61.50, he had promised to sign and pay it as a consideration for the money loaned at the time the note was executed. It was also alleged in the plaintiff's petition ·that the Lancasters and Cox had entered into a conspiracy to defraud the bank by pledging worthless security for the payment of the indebtedness evidenced by the two notes sued on. At the instance of the bank a writ of attachment was issued and levied upon a small stock of goods claimed by A. B. Lancaster, H. C. Lancaster, and C. E. Lancaster. No answer was filed by either J. A. Lancaster or Cox. A. B. Lancaster denied under oath that he had ever signed the note for $73.25, and further denied that he had promised to sign or pay the note for $61.50 signed by J. A. Lancaster. He pleaded in reconvention that the writ of attachment was wrongfully sued out, that the affidavit was false, and the levy upon his stock of goods unlawful. He claimed

damages for the value of the stock of goods and for the loss of time by reason of his business being destroyed. H. C. and C. E. Lancaster appeared as interveners and adopted his cross-bill as their answer and joined in the prayer for damages. The proof showed that the note for $73.25 bore the signature of both J. A. and A. B. Lancaster. There was testimony tending to show that A. B. Lancaster had promised as a consideration for the loan of the money evidenced by the note that he would pay it, and that the bank looked to him as the principal obligor. In response to a general charge the jury found against J. A. Lancaster and Cox for the amount sued for, and against A. B. Lancaster on the note for $73.25 together with the principal interest and attorney's fees which had accumulated. They failed to find any damages for the defendants on their plea in reconvention. A. B. Lancaster and the interveners have appealed.

[1] The error first assigned is the refusal of the court to give a peremptory instruction to find in favor of the appellants for all the damages sustained by them, on the ground that the evidence conclusively showed the falsity of the affidavit and the wrongful levy of the attachment writ. The affidavit stated the indebtedness of A. B. Lancaster to be $220.98. It also alleged as a ground for the writ that the debt due was for property obtained under false pretenses. It is contended by the appellants that, because the facts did not establish a liability against A. B. Lancaster on both notes, the affidavit was necessarily false in part. The fact that the jury found that the affidavit was false in part in stating the amount of the indebtedness due did not authorize the court to determine that question in advance of the verdict. There was evidence from which the jury might have concluded that A. B. Lancaster was liable for the entire sum claimed against him. Even if the evidence was, sufficient to justify the court in assuming that the affidavit was false in part, still that would not authorize a verdict for all the damages sued for. The extent of appellants' claim would be the injury, if any, resulting from the excess alleged over the true amount due. Stiff v. Fisher, 85 Tex. 556, 22 S. W. 577; McKee v. Sims, 92 Tex. 151, 45 S. W. 564. The amount of the note for $73.25 together with the interest and attorney's fees aggregated $110.77. The stock of goods levied upon was sold pending the trial, by agreement of the attorneys, for $132. We think the charge was properly refused.

In submitting the issues presented in the plea in reconvention the court gave the following:

"(5) You are instructed that unless you find that A. B. Lancaster signed the $73.25 note;

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

or unless you find that he induced and procured the Corsicana National Bank to lend J. A. Lancaster the money represented by the $61.50 note, and agreed to sign same with J. A. Lancaster; or unless you find that A. B. Lancaster, J. A. Lancaster, and M. A. Cox entered into a conspiracy to induce the Corsicana National Bank to lend money on worthless security and collateral, and that the Corsicana National Bank relied upon such representations and made the loan to J. A. Lancaster as a result thereof—then in such event, if you so find that A. B. Lancaster did no one of these things, you are instructed that the writ of attachment was illegal and wrongfully sued out.

"(6) You are instructed that if you find that A. B. Lancaster did sign the $73.25 note, or if you find that he did induce and procure Corsicana National Bank to lend to J. A. Lancaster money on the $61.50 note and agreed to sign same, or if you find that he did enter into a conspiracy with J. A. Lancaster and M. A. Cox to induce Corsicana National Bank to lend money to J. A. Lancaster on worthless security and collateral, and that Corsicana National Bank, relying upon such representations made by A. B. Lancaster, did lend money to J. A. Lancaster, in either such event you will determine and state in your verdict whether the statement made by E. N. Johnson in the affidavit for attachment as the grounds for the issuance thereof was true or untrue on March 27, 1917."

[2] The first paragraph copied above is assailed upon the ground that it justified the issuance of an attachment upon a tort and informed the jury that a conspiracy could be made the basis of an attachment writ. Subdivision 12 of article 240 of the Revised Civil Statutes authorizes the issuance of an attachment writ in suits for a debt due for property obtained under false pretenses. While the language of the charge is not identical with that of the statute, and might under some conditions be misleading, we thing no such result could follow in this instance. If there was any conspiracy, as stated, to borrow money upon worthless security, and the bank, relying upon that security, was induced to lend money, the fraud would come within the meaning of the statute. The evidence tending to show a fraudulent conspiracy was in the main circumstantial. The personal property mortgaged to secure the notes could not be found, and the value of the vendor's lien notes executed by Cox was questionable. There was also testimony that the reputation of A. B. Lancaster for honesty and fair dealing was bad, and that J. A. Lancaster had been prosecuted for bootlegging.

Paragraph 6 is assailed, not because of any affirmative defect, but because not more comprehensive in submitting the issues presented by the appellants' plea in reconvention. The objections presented in the group of assignments raising those questions are untenable.

[3] On direct examination plaintiff's witness Morrow testified that A. B. Lancaster had been indicted in Henderson county for swindling. On cross-examination counsel for appellants asked the witness if the indictment was not thereafter dismissed. On objection by counsel for the plaintiff the court refused to permit the witness to answer that question. That ruling is the basis of an assignment of error. The bill of exceptions does not disclose what the answer of the witness would have been, or what they expected it to be; neither does it show the basis of the objection on which the court acted. Moreover, we are of the opinion that, in view of other testimony to the effect that the witness' knowledge concerning the disposition made of the indictment was based upon hearsay, and the further fact that A. B. Lancaster himself testified that he had been indicted for swindling and that the indictment had been dismissed, no reversible error was committed.

The judgment will therefore be affirmed.