### KIMBROUGH et al. v. POWELL. (No. 750.)

Court of Civil Appeals of Texas. Waco.
Jan. 17, 1929.

Rehearing Denied Feb. 14, 1929.

[1] 206 S. W. 814, 1 A. L. R. 1407.

468

Walters & Kidd, of Mexia, for appellants.
Rennolds & Rennolds, of Mexia, and L. W. Shepperd, of Groesbeck, for appellee.

BARCUS, J. Appellee instituted this suit in the justice court, to recover from appellant $155.20 for rent which he claimed was due for a certain farm which he rented appellant for the year 1927. He applied for, and had issued, a distress warrant. On appeal in the county court the cause was tried to the court, and resulted in judgment being rendered for appellee for $122.44.

■ Appellant assigns error to the action of the trial court in refusing to quash the distress warrant and all proceedings thereunder, because there was no affidavit filed by appellee which authorized the issuance thereof. We sustain this assignment. The purported affidavit filed by appellee for the distress warrant was never signed or sworn to by either appellee or any one for him. Article 5228 of the Revised Statutes, as a prerequisite to the issuance of a distress warrant, requires an affidavit to be made by either the plaintiff or his agent or attorney.

■■ Appellant assigns error to the action of the trial court in refusing to permit him to testify that appellee had agreed to pay him 15 cents a bale for baling the 179 bales of rent hay raised on the farm for 1927, and in refusing to allow the amount thereof, to wit, $26.85, as a payment or an offset on the money rent of $100, which he had agreed to pay appellee for the use of the house on the rented premises for the year. We sustain this assignment. Appellee objected to the introduction of said testimony, on the ground that there was no pleading to support it, and, further, that it attempted to vary the terms of the written contract. We do not think either of these objections was sufficient to authorize the court to exclude said testimony. Appellee's pleadings are entirely oral. He alleged that, under the rental contract he had with appellant, he was to get one-fourth of all cotton and cottonseed, and one-third of all other crops, and, in addition thereto, appellant was to pay him $100 in monthly installments of $12.50. He alleged appellant had only paid $25 of the $100. Appellant alleged as a defense that he had paid not only the $25, but had paid the $26.85 additional on said debt. In support of said plea of payment, he offered to testify that appellee had agreed with him to pay him the 15 cents per bale for baling the 179 bales of hay, and, further that said charge was a reasonable and the customary charge. If, as a matter of fact, appellee had agreed to pay appellant said sum for baling the hay, or if he was indebted to appellant for the baling of said hay, same was a proper and legitimate offset on the rent which appellant owed appellee.

■ It is not shown whether appellant's

pleading was all in writing. Pleadings in the justice court are liberally construed. In the legal sense, a payment of a note contemplates a payment in cash. If the parties have mutual accounts, under proper pleadings same may be offset one against the other. The justice of the peace who tried the case in said court under appellant's pleading allowed said credit or offset.

██ Appellant assigns error to the action of the trial court in refusing to permit him to recover $18, which he claims to have suffered in the way of damage caused by the officer in levying the distress warrant upon the hay. Appellant alleged that while the officer was taking the hay which was taken under and by virtue of the distress warrant, he damaged, injured, and destroyed other hay which belonged to appellant of the value of $18. We do not think there was any error in the court's action in excluding testimony with reference thereto, or in refusing to allow appellant to recover this item. There was nothing in the pleadings to indicate or show that appellee in any way was responsible for the acts of the officer in injuring or destroying the hay that was not taken under, and by virtue of, the distress warrant issued. Appellee was not responsible for the illegal acts of the officer which were not done under, or by virtue of, the distress warrant. Kanaman v. Hubbard, 110 Tex. 560, 222 S. W. 151; Brunson v. Dawson State Bank (Tex. Civ. App.) 175 S. W. 438.

██ Appellant assigns error to the action of the trial court in refusing to permit him to testify that, under the terms of the rental contract, it was not contemplated that he was to pay, or that the landlord was to receive any portion of the garden truck raised on the place for home consumption; that it was the custom with the renters and owners of the land for the tenant to have all garden truck which he raised for his home consumption, and that appellee at the time he rented the premises to appellant knew of said custom, and that for said reason appellee was not entitled to recover the item of $33.33, the alleged value of one-third of the potatoes raised by appellant on said premises for said year in his garden for home consumption. Appellee's objection to said testimony was that it tended to vary the terms of the written contract, which provided specifically that he was to have one-fourth of all cotton and one-third of all other crops raised by appellant on said land for the year 1927, and because appellant had not pleaded said custom. For a party to avail himself of a custom, it is necessary to both plead and prove facts constituting said custom. 17 C. J. 516. Appellant not having pleaded said custom, it was not error for the court to exclude said testimony. Many customs in the relation of landlord and tenant have been recognized by the courts. 17 C. J. 485.

Whether there is such a custom as was attempted to be testified to by appellant, and whether same was of such a universal character as to be binding upon the landlords as well as the tenants, is a question that we need not, and do not, decide, since neither the pleading nor the testimony relative thereto is before us.

The judgment of the trial court is reversed, and the cause remanded.