## MAGNOLIA PETROLEUM CO. et al. v. de GARCIA et al.

### No. 10638.

Court of Civil Appeals of Texas. San Antonio.

March 29, 1939.

Walace Hawkins, of Dallas, and Frank T. Morrill and Perkins & Floyd, all of Alice, for appellants.

F. G. Garza, of Falfurrias, and W. Kennedy Smith, of Raymondville, for appellees.

SLATTON, Justice.

This is an appeal from an order granting a temporary injunction after notice and hearing by the judge of the District Court of Duval County. The appellees filed suit on February 1, 1939, in two counts, one in trespass to try title, and in the alternative pleaded an oil and gas lease covering the described land in Duval County, alleged to have been executed and delivered by the appellees to Hart Mussey and by him assigned to the Magnolia Petroleum Company. The term of the lease was alleged to be for a period of ten years, beginning January 11, 1929. The lease was alleged to have expired on midnight, January 11, 1939, and that the lessees and assigns had failed and neglected to begin the drilling of a well on said premises for the exploration of oil or gas.

It was alleged that appellants some time during the morning of January 12, 1939, without the permission of appellees, and after said lease had terminated, moved a water well rig upon the land and drilled a hole four to six feet deep in a belated and vain attempt to comply with the lease, and without any expectation or intention to find oil or gas in paying quantities.

It was further charged, that appellant Glasscock, acting for himself and the Oil Company, after the termination of the lease over the protest of the appellees, began moving drilling equipment etc., to the premises, and is at the present time attempting to drill a well or carry on some kind of drilling operation. That the appellees have protested against such operations and trespasses and unless restrained appellants will continue to do so. That appellees are without any adequate or speedy remedy in law, and that unless the remedial writs hereinafter prayed for issue, appellees will be irreparably damaged by said acts. That Glasscock is setting up some kind of claim to the minerals under said premises, the exact nature of which appellees are unable to state, but the same is inferior to that of the appellees. They prayed for a restraining order prohibiting and restraining appellants from proceeding and continuing with new drilling operations and from hauling any drilling equipment upon, over or across the premises described. That notice issue to appellants commanding them to show cause, if any, why said temporary restraining order should not be transformed into a temporary injunction effective until this cause is finally decided. Appellees further pray that upon final hearing hereof said temporary injunction be made permanent; that they have judgment removing the clouds from the title and cancelling and holding void the oil and gas and mineral lease, etc.

The appellants answered under oath, alleging the oil and gas lease and an entry upon the land upon the 11th day of January, 1939, by Glasscock, under an agreement with the Oil Company to assign him a part of the lease and did in good faith begin the drilling of a well on said premises in search of oil and gas, and has continuously thereafter diligently prosecuted the same and has now drilled said well to a depth of 3,920 feet. The provision of the lease was pleaded under which the drilling was claimed to continue said lease in effect. Specific denials were made of the belated entry as charged by the appellees, as well as that the appellants were not acting in good faith.

The judge, on the 14th day of February, after hearing in chambers, granted the temporary injunction, to which action the appellants excepted and have perfected their appeal.

The appeal, upon motion, has been advanced by this Court.

The appellants contend that the trial judge erred in granting a temporary injunction upon the pleadings of the appellee, in that no facts are alleged to negative the existence of an adequate legal remedy, and that the facts as pleaded do not show an irreparable injury to the appellees.

The appellees assert that, the appellants having failed to call to the attention of the judge their general demurrers, and having failed to direct special exceptions to the pleading of the appellees, the same are thereby waived.

The rules invoked by the appellees are sound enough, but such rules are only applicable to pleadings in the ordinary suit; a different rule is applied to a petition for an injunction. Gillis v. Rosenheimer, 64 Tex. 243, 246; Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964; Hawkins v. Graham, Tex.Civ.App., 81 S.W.2d 754. The Austin Court of Civil Appeals, in the case of Wertheimer v. Walker, 96 S.W.2d 831, 833, in announcing the rule say: "Appellant insists that the general rule that as against a general demurrer every intendment in support of the sufficiency of the petition should be indulged is applicable, and that when so indulged his

pleadings sufficiently stated a cause of action. This general rule, however, does not apply to petitions for injunction. On the contrary, the remedy being a harsh one, the rule is uniform that such applications should be strictly construed, and the averments must 'negative every inference of the existence of facts under which petitioner would not be entitled to relief.' "

We are of the opinion that appellees' pleadings are insufficient in two particulars, viz.: The pleadings do not allege facts which negative the existence of an adequate legal remedy, and the pleadings do not allege a state of facts which show the acts complained of will result in irreparable injury or damage. It is true that the rule which denies injunctive relief upon failure to negative the existence of an adequate legal remedy is not rigidly enforced in this State, Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, writ refused, but in those cases facts were pleaded which showed that, unless injunctive relief were granted an irreparable injury or damage would occur to the applicant. In the present case the pleader only stated, by way of a conclusion, that appellees had no adequate legal remedy. The same is true with reference to the acts of appellants, which are claimed to result in irreparable injury to the appellees. This Court has held such pleading to be insufficient. Hawkins v. Graham, supra; Kampmann et al. v. Stappenbeck et al., Tex.Civ. App., 45 S.W.2d 761.

The appellees do not plead any facts to show why the legal remedy of sequestration is not available to them. Neither do they allege any facts to show that a suit for damages would not be just as efficient as would injunctive relief. Hawkins v. Graham, supra.

The appellees do not allege any facts, except conclusions, whereby the chancellor may conclude that the trespasses complained of will probably result in irreparable injury or damage. Hudgens v. Yancey, Tex.Civ.App., 284 S.W. 347; Lutcher et al. v. Norsworthy, Tex.Civ.App., 27 S.W. 630.

Appellants further contend that the evidence is not sufficient to support the relief granted by the judge. Since we have determined the pleadings of the appellees are insufficient to support the temporary injunction granted by the judge, and the cause is yet to be heard upon the merits, it is

not deemed necessary to pass upon this contention.

The order granting the temporary injunction will be here reversed and the application therefor dismissed at the cost of the appellees.