### RIO GRANDE VALLEY GAS CO. v. CITY OF McALLEN et al.

#### No. 11063.

Court of Civil Appeals of Texas. San Antonio.

Dec. 10, 1941.

Ward & Brown and B. D. Kimbrough, all of Corpus Christi, and Vinson, Elkins, Weems & Francis, of Houston, for appellant.

Cecil R. Fulton and E. A. McDaniel, both of McAllen, for appellees.

MURRAY, Justice.

Appellant, Rio Grande Valley Gas Company, instituted this suit in the District Court of Hidalgo County against the City of McAllen, its Mayor and Commissioners, and others, seeking to enjoin the attempted sale of gas revenue bonds and performance of a contract for construction of a municipal gas system within the City of McAllen.

The trial court sustained a general demurrer to appellant's second amended original petition and dismissed the cause. From this judgment of dismissal, Rio Grande Valley Gas Company has prosecuted this appeal.

Appellant first contends that the governing body of the City of McAllen is without authority to purchase or construct and maintain a municipal gas system or to issue revenue bonds for such purposes. We overrule this contention. Such authority is given to the governing body of the City of McAllen, it being a home rule city, by Article 1111, Vernon's Ann.Civ.Stats.; City of Dayton v. Allred, 123 Tex. 60, 68 S.W.2d 172.

Appellant next contends that the City of McAllen did not give such notice of its intention to issue revenue bonds as is required by statutes. We overrule this contention. The notice given meets all the requirements of the statutes. Section 3, of Article 2368a, Vernon's Ann.Civ.Stats.

Appellant next contends that, in any event, the petition was sufficient to state a cause of action for injunction against the Mayor and Commissioners with reference to their conduct in trying to induce its customers to breach their contracts with appellant. We overrule this contention. This suit was primarily a suit to enjoin the issuance and sale of the revenue bonds and only a small portion of the lengthy petition was devoted to this phase of the injunction sought. In reference to this matter, the petition did not state facts as distinguished from conclusions to have justified the issuance of an injunction, as contended for in this point. Magnolia Petroleum Co. v. de Garcia, Tex.Civ.App., 126 S.W.2d 1006.

The judgment is affirmed.