Haskell H. HUNT et al., Appellants,

v.

MERCHANDISE MART, INC., Appellee.

No. 16561.

Court of Civil Appeals of Texas.

Dallas.

April 2, 1965.

Rehearing Denied May 7, 1965.

Wynne, Jaffe & Tinsley and Jim A. Watson, Dallas, for appellants.

Bill C. Hunter, of Passman, Jones, Stewart, Andrews & Hunter, Dallas, for amicus curiae.

Strasburger, Price, Kelton, Miller & Martin and Royal H. Brin, Jr., Dallas, for appellee.

BATEMAN, Justice.

Haskell H. Hunt and wife appeal from a temporary injunction in favor of Merchandise Mart, Inc. restraining them from removing personal property from space rented by them from appellee under a written lease. The lease gave appellee a lien upon all of appellants' personal property situated in the leased premises, and further provided that said property shall not be removed therefrom without the prior written consent of appellee until all arrearages in rent as well as any and all other sums of money to become due under the lease shall have been paid.

Early in the afternoon of Friday, November 13, 1964, appellant Hunt called Louise Burts, appellee's office manager, on the telephone and asked her what "the building's position" was on allowing things to be moved from the building. She replied that he would not be allowed to move his furniture or fixtures. In the same afternoon Hunt was in the elevator with Dave Hall, appellee's building manager, and told him that he was going to remove certain showroom fixtures from the leased premises at four o'clock that afternoon, that a moving van was "on the way" and would be there at four o'clock. This suit was filed that same day, and after a nonjury hearing, of which appellants were duly notified and in which they participated with their attorney, a temporary injunction was granted restraining appellants from removing any personal property, except samples, stock in trade, merchandise and business records, from the leased premises. We think this was justified by the evidence.

By their first two points of error appellants seek reversal because there was no pleading or proof that appellee lacked an adequate legal remedy and no evidence of imminent or threatened injury or damage, irreparable or otherwise. They point to the undisputed facts that they had been tenants in appellee's building for approximately ten years, that the personal property they were enjoined from removing was worth only about $650, that they were not then and had never been in default in payment of their rent, that there was no evidence to support appellee's allegation that appellants were about to hide, secrete or sell their property, that neither of appellee's witnesses could say what "irrevocable loss" (*sic*) would be suffered if the injunction were not granted, and that appellants had assets worth about $295,000 and annual earnings of $70,000 to $80,000. It is also true that, although appellee alleged that it would suffer immediate and irreparable injury, loss or damage unless a *temporary restraining order* were issued, the petition does not contain an allegation that appellee had no adequate remedy at law.

Merely to state in the petition that the plaintiff has no adequate remedy at law is to allege a conclusion, which would ordinarily be vulnerable to special exception. "The adequacy of a legal remedy must generally be tested by the circumstances of the particular case and the result that an injunction would accomplish. *The test is one of proof, and not the allegations*

*that may be required by the rules of pleading.*" 31 Tex.Jur.2d, Injunctions, p. 110, § 44. (Italics ours) We think the facts alleged in the petition here, and certainly those shown by the evidence, are sufficient to demonstrate that appellee had no plain, speedy, or adequate remedy at law. 28 Am. Jur., Injunctions, p. 779, § 267; Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994; Southwestern Telegraph & Telephone Co. v. Smithdeal, 104 Tex. 258, 136 S.W. 1049, 1052; Magnolia Petroleum Co. v. de Garcia, Tex.Civ.App., 126 S.W.2d 1006, no wr. hist.

■ Appellee had a contractual as well as a statutory lien on this property and had a right under the contract to insist that the property be left in its building. These were valuable rights. Appellants argue that appellee has no right to prevent by injunction the removal of the encumbered property from its building because appellants are amply solvent and can be made to pay their obligations out of other property owned by them. No one should be casually deprived of his lien or his right to insist that the encumbered property be kept in a certain place on the theory that no harm will be suffered because the debtor is at the time of the hearing quite able to respond in damages. This lease covered a period of several more years after the hearing and appellee had no assurance that appellants would remain solvent during the entire term of the lease.

■ It is suggested on behalf of appellants that there was actually an adequate legal remedy in that appellee could have sued out either a distress warrant or a writ of sequestration or applied for the appointment of a receiver. We do not agree. "It is not enough that there is a remedy at law; it must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." Watson v. Sutherland, 5 Wall. 74, 18 L.Ed. 580; quoted with approval in Sumner v. Crawford, 91 Tex.

129, 41 S.W. 994, 995, and Brazos River Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W.2d 842, 846.

■ Neither the distress warrant nor sequestration meets this test. They are both ancillary proceedings. While it is true the statute, Vernon's Ann.Civ.St. Art. 5239, authorizes the issuance of a distress warrant if the tenant is about to remove his property from the leased building, and it was held in Du Bose v. Battle, Tex.Civ. App., 34 S.W. 148, that it can issue even though no rent is actually due, it was also held in Miller v. Lancaster, Tex.Civ.App., 41 S.W. 198, that no final judgment could be rendered in such an action unless and until rents became due and unpaid. Rule 610, Vernon's Texas Rules of Civil Procedure, provides that a plaintiff seeking a distress warrant "shall make oath that the amount sued for is rent or advances," and Rule 612 provides that the warrant shall command the officer to seize so much of the defendant's property "as will be sufficient to satisfy the plaintiff's demand." If the oath required by Rule 610 is omitted the warrant will on motion be quashed. Kimbrough v. Powell, Tex.Civ.App., 13 S.W.2d 467, no wr. hist. And a distress warrant for an amount greater than that due is "illegally and unjustly sued out." McKee v. Sims, 92 Tex. 51, 45 S.W. 564. Moreover, the "amount in controversy" determines the court to which the warrant shall be made returnable, Rule 612, T.R. C.P., and when returnable to the district or county court the plaintiff must file his petition in that court within ten days or the distress warrant will be subject to dismissal. Rule 620, T.R.C.P.; Bateman v. Maddox, 86 Tex. 546, 26 S.W. 51; Hartsfield v. Ferguson, Tex.Civ.App., 109 S.W.2d 364, no wr. hist.

■ There being no rent or advances due, appellee could not make the oath to an amount due, as required by Rule 610, and the officer would not be authorized to seize any of appellants' property under Rules 612

and 613. The plaintiff would not know to which court the warrant should be made returnable, because in the absence of an amount in controversy it would be impossible to determine which court, if any, would have jurisdiction. Rule 612, T.R.C.P.

Sequestration proceedings would not avail as an adequate legal remedy, for under the fact situation presented here a writ of sequestration would not be authorized; appellee's case would not fall within any of the subdivisions of Art. 6840, V.A.C.S., which outline the situations in which the writ may issue. Moreover, appellee could not make the affidavit required by Rule 696, T.R.C.P.

█ Receivership under Art. 2293, V.A.C.S. would not have been a legal remedy at all, for it has long been recognized as an equitable remedy itself. Fikes v. Ports, Tex.Civ.App., 373 S.W.2d 806, wr. ref. n. r. e.; 49 Tex.Jur.2d, Receivers, pp. 13, 19, §§ 2, 8. Moreover, it is necessarily "ancillary to a pending principal action to establish or vindicate a right other than the appointment of a receiver." 49 Tex. Jur.2d, p. 20, § 9. Furthermore, it has often been held to be a harsh, drastic or extraordinary remedy to be used cautiously and only in extraordinary cases; and, except where specifically authorized by statute, a receiver will not be appointed if another remedy exists, either legal or equitable. 49 Tex.Jur.2d, pp. 27, 34, §§ 12, 18; Quiroz v. Cantu, Tex.Civ.App., 119 S.W.2d 568, wr. dism.; Delcambre v. Murphy, Tex.Civ. App., 5 S.W.2d 789, no wr. hist.

Therefore, we hold that appellee did not have an adequate remedy at law under distress, sequestration or receivership proceedings, or any other, and overrule appellant's first two points of error.

█ By their third point appellants say the court erred in granting the temporary injunction because the evidence showed that appellants had only a fractional interest in the property covered by the injunction. Hunt testified that several of the manufacturers whose merchandise he sold had contributed substantially to the purchase of the property in question. He did not make it clear just what interest the manufacturers became entitled to, if any, in the actual ownership of the property. The trial court may have concluded that these contributions were intended as loans or gratuitous bonus payments to Hunt. In any event, only the appellants were enjoined, and they are in no position to complain of being prohibited from removing property belonging partially to others. The third point of error is overruled.

█ Appellants' fourth point asserts error in the granting of the temporary injunction in the light of the facts that appellee's officer who signed the affidavit at the end of the petition did not read the petition, but merely "scanned through it," and did not know the notary public who signed the jurat, that the notary was not present when she signed; that no threat to remove the property had been made to her, and that her affidavit was based upon hearsay. This point is without merit. A full and complete hearing of the matter was had, all parties being present and represented by counsel. That being true, the defects, if any, in the verification of the petition do not affect the validity of the temporary injunction. Chesterfield Finance Co. v. State of Texas, Tex.Civ.App., 331 S.W.2d 368, wr. ref.; Acme Letter Shop v. State of Texas, Tex. Civ.App., 342 S.W.2d 770, wr. ref. n. r. e.; Brown v. Munger Farm Co., Tex.Civ.App., 87 S.W.2d 527, no wr. hist.; Smith v. City of Dallas, Tex.Civ.App., 36 S.W.2d 547, wr. dism.

█ By their fifth and last point of error appellants complain of the exclusion of certain testimony proffered by them. They say that the purpose of this testimony was to show that appellee had not entered the court of equity with clean hands. The

witness Dave Hall was asked by appellants' counsel concerning another lease, one between appellee and National Fashion Exhibitors of America. The court sustained appellee's objection that the lease itself would be the best evidence of its contents. Appellants do not bring to us a bill of exceptions showing the contents of the lease in question or what the witness would have testified if he had been permitted to answer the question propounded to him. It is well settled that under these circumstances nothing is presented to the appellate court for review. J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698. It is also obvious from the record and briefs that appellants have not carried the burden of showing such prejudice or harm under this point as would justify a reversal of the order appealed from. Rule 434, T.R.C.P. The fifth point is therefore overruled.

No reversible error being shown, the judgment is

Affirmed.

### ON MOTION FOR REHEARING

Appellants complain that in our opinion we did not mention Hunt's testimony that: (1) although he did not deny telling Dave Hall that he was going to remove certain fixtures from the building at four o'clock that afternoon, he was merely jesting; (2) that although he was not served with a restraining order until the next day, he made no effort to remove anything the day of the conversation; and (3) that he had no intention to move anything from the premises; or Dave Hall's testimony to the effect that if Hunt had tried to move out the people on the dock woud have called him, Hall, and he would ask him not to move it.

We did not mention this testimony as we did not think it in any way controlled the decision. The trial judge heard all of this testimony and was in much better position than we are to determine whether Hunt was jesting when he threatened to move his fixtures, and whether or not he really intended to do so, and whether the fact that he did not do so on the day he said he would was sufficient to nullify the effect of the threat to do so; also whether the telephone call from "the people on the dock" to the building manager would have so effectively prevented the removal of the property from the building as to make the temporary injunction unnecessary or the granting thereof wrongful. We cannot say that any of those things point to an abuse of discretion by the trial judge.

Appellants also say that our opinion is in conflict with Kostoff v. Harris, Tex.Civ. App., 266 S.W.2d 204, wr. ref. n. r. e., wherein we reversed an order granting a temporary injunction because the plaintiff had failed to show that an injurious wrong, irreparable in nature, was imminently threatened. We do not consider the two opinions to be in conflict. In Kostoff the parties had had a personal encounter and the plaintiff obtained a temporary injunction restraining the defendant from further molesting him on a petition alleging that the defendant was threatening to give trouble, etc. However, the plaintiff admitted on the witness stand that no such threat had occurred. The difference between the two cases is readily seen.

Accompanying appellants' motion for rehearing is a motion for additional findings which consists of a group of interrogatories propounded to us. We feel that we have made a complete statement of the facts of the case. Rule 455, T.R.C.P. does not require us to detail the evidence supporting our findings, or evidence which may conflict therewith, which is what the motion urges us to do. Thaxton v. Reed, Tex.Civ.App., 339 S.W.2d 241, wr. ref. n. r. e.

The motions for rehearing and for additional findings of fact are both overruled.

Overruled.